IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CYNTHIA DAWN HINDS for MICHAEL J. HINDS,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>NANCY A. BERRYHILL,[1]<br>**Acting Commissioner of Social Security,**<br><br>　　Defendant. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:16-cv-00085-DBP<br><br>Magistrate Judge Dustin B. Pead |

　　Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act).  After review of the record, the parties' briefs, and arguments presented at a hearing held on February 21, 2017, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free of harmful legal error. Accordingly, the Commissioner's decision, for the reasons set forth herein, is AFFIRMED.

　　This Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "Substantial

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill will be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.  No further action need be taken

evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). The Court may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]." *Id.* (citation omitted). Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## DISCUSSION

In this case, Plaintiff was age 55 on September 30, 2009, his date last insured.[2] He alleged disability beginning June 23, 2009, based on knee injuries, degenerative hip and disc disease, and a left shoulder injury (Tr. 181). He completed the 11th grade and had past relevant work as an executive analyst, property manager, and branch manager (Tr. 182, 193). In evaluating his case, the ALJ followed the familiar five-step sequential evaluation process (Tr. 17-22). *See generally* 20 C.F.R. § 404.1520(a)(4). As relevant here, the ALJ found that Plaintiff had severe impairments of degenerative joint disease of the knees, history of fractured ankle, hepatitis C, and degenerative joint disease, but that his medical conditions did not meet or equal the criteria of the disabling impairments listed at 20 C.F.R. pt. 404, subpt. P, app. 1 (Tr. 17). The ALJ next determined that through his date last insured, Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of sedentary to light work (Tr. 18-20). Considering this RFC, the ALJ then found that Plaintiff could perform his past

---

to continue this suit pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] In order to qualify for DIB, a claimant must establish a disability on or before his date last insured. *See* 20 C.F.R. §§ 404.101, 404.120, 404.315; *see also Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1348-49 (10th Cir. 1990) ("[T]he relevant analysis is whether the claimant was actually *disabled* prior to the expiration of her insured status[.]" (emphasis in original)).

relevant work as a branch manager, and thus, was not disabled under the strict standards of the Act (Tr. 20-22).  After a careful review of the record, the Court finds and concludes that the ALJ's decision was supported by substantial evidence and should be affirmed.

## I.      The ALJ reasonably evaluated Plaintiff's spinal impairments.

First, Plaintiff asserts that the ALJ "neglected to discuss" his degenerative disc disease, foraminal stenosis, and bulging discs at step two of the sequential evaluation process (Plaintiff's Brief (Pl. Br.) 12-14).  Nonetheless, the Court finds that any alleged error was harmless, as Plaintiff has failed to show that it affected the ultimate outcome of his case.  *See Shinseki v. Sanders*, 556 U.S. 396, 408-09 (2009) (rejecting a legal framework that would "prevent the reviewing court from directly asking the harmless-error question," and that would justify "reversing for error regardless of its effect on the judgment") (citation and internal quotes omitted)).

The ALJ did not find that Plaintiff's spinal degenerative disc disease was a severe impairment at step two of the sequential evaluation process (Tr. 17).  This conclusion was supported by medical expert Dr. Rubin who reviewed Plaintiff's March 2009 MRI during the administrative hearing and concluded that it showed only "mild to moderate bulging" (Tr. 53; *see* Tr. 488-89).[3]  Dr. Rubin testified that, despite his spinal and knee impairments, Plaintiff would remain able to stand for two to three hours in an eight-hour period (Tr. 54-55).  Furthermore, both state agency physicians reviewed Plaintiff's medical records, including the MRI, and opined

---

[3] Plaintiff asserts that Dr. Rubin "overlooked" the MRI evidence (Pl. Br. 14).  Although Dr. Rubin did not review the MRI prior to the hearing, it is a two-page document that Dr. Rubin reviewed when it was pointed out to him by the ALJ (Tr. 53; *see* Tr. 488-89).  The Court finds no indication that Dr. Rubin needed additional time to review such a short document, or that additional review of the MRI would have changed his testimony.

that Plaintiff retained physical abilities consistent with light work, including the ability to stand and/or walk for up to six hours in an eight-hour workday (Tr. 82-84, 94).  Further, the ALJ gave Plaintiff the benefit of the doubt in finding that he was more limited than indicated by these opinions and restricting him to a range of light to sedentary work (Tr. 18).  Thus, the Court concludes that the ALJ's RFC assessment was consistent with the medical source opinions, and Plaintiff fails to demonstrate that the medical evidence supported any additional limitations based on degenerative disc disease.  *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 735 (10th Cir. 2005).

## II.     The ALJ reasonably evaluated the medical source opinions.

Plaintiff next asserts that the ALJ should have given more weight to the restrictions assigned by treating physician Lonnie Paolos, M.D., in June and August of 2005 (Pl. Br. 15-18).  However, because the ALJ in this case reasonably weighed all of the medical source opinions, his treatment of these opinions does not support Plaintiff's request for remand.  *See* 20 C.F.R. § 404.1527.

In June 2005 (four years prior to Plaintiff's alleged disability onset date), Dr. Paolos completed a Workers Compensation Form indicating that Plaintiff was limited to lifting 20 pounds; should avoid deep knee bending, squatting, kneeling, crawling, climbing stairs and ladders; and should not do any "prolonged standing or walking on hard surfaces" (Tr. 326).  In August 2005, Dr. Paolos stated that these limitations were permanent (Tr. 322-23).  The ALJ considered these opinions and assigned them "some" weight (Tr. 19).  Indeed, consistent with Dr. Paolos's opinions, the ALJ limited Plaintiff to lifting no more than 20 pounds (Tr. 18).  And, although Dr. Paolos did not specifically indicate how long Plaintiff would be able to stand or walk at one time, the ALJ limited him to standing and walking no more than three hours in an eight-hour workday, which is generally consistent with the restriction to "no prolonged standing

or walking" (Tr. 18). The ALJ, however, found that Plaintiff had slightly greater abilities than indicated by Dr. Paolos, and limited him to occasional stooping, kneeling, crouching, crawling, and climbing ramps and stairs (Tr. 18). The ALJ's findings are consistent with the medical evidence before and during the relevant period, which demonstrated that Plaintiff retained normal muscle strength, bulk, and tone; normal range of motion; and normal sensory function (Tr. 494, 496, 500-01). The findings are also consistent with the opinions of the state agency physicians (Tr. 82-84, 94). Further, it is the sole province of the ALJ to assess Plaintiff's RFC based upon the record as a whole. *See* 20 C.F.R. § 404.1546(c) (stating an ALJ is responsible for assessing RFC); *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) ("[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record.").

As a result, the Court finds that the ALJ reasonably weighed Dr. Paolos's opinions, and the record as a whole, in concluding that, during the relevant period, Plaintiff retained the RFC to perform a reduced range of sedentary to light work. *See Pisciotta v. Astrue*, 500 F.3d 1074, 1077-78 (10th Cir. 2007) (finding an ALJ reasonably determined that a treating physician's opinions were not controlling and were entitled to little weight where the record provided "ample support" for the ALJ's decision, even though the ALJ did not discuss all the evidence which the court found supported his decision).

**III.    The ALJ reasonably weighed Plaintiff's wife's testimony regarding his symptoms.**

Plaintiff also asserts that the ALJ did not provide adequate reasons for discounting his wife's testimony regarding his symptoms (Pl. Br. 18-21).[4] In a related claim, Plaintiff complains that the ALJ did not make a "meaningful inquiry" into his limitations during the administrative

hearing at which Plaintiff's wife testified on his behalf (Pl. Br. 21-22).  As a preliminary matter, the Court notes that Plaintiff's wife was represented by counsel at the administrative hearing (Tr. 27).  At the hearing, the ALJ asked Plaintiff's wife to testify regarding Plaintiff's impairments during 2009 and, while she provided limited information, a failure to provide more information or identify other issues cannot be attributed to the ALJ.  *See Glass v. Shalala*, 43 F.3d 1392, 1396 (10th Cir. 1994) (while the ALJ has a basic obligation to develop an adequate record during the administrative hearing, the ALJ's duty "is not a panacea for claimants . . . which requires reversal in any matter where the ALJ fails to exhaust every potential line of questioning").

      Further, the Court finds that Plaintiff's wife did not testify to any limitations that were inconsistent with the RFC assessed by the ALJ.  While she testified that Plaintiff experienced knee pain and degenerative disc disease in 2009, the ALJ accounted for this by limiting Plaintiff to a reduced range of light to sedentary work (Tr. 18).  The ALJ also considered a Function Report completed in 2015, which reported constant pain and fatigue due to the effects of cancer and chemotherapy (Tr. 19; *see* Tr. 201-08).  However, as the ALJ noted, Plaintiff's counsel, not Plaintiff, completed the form, and it related to a period nearly six years after the Plaintiff's date last insured (Tr. 19; *see* Tr. 208).  Therefore, the Court concludes that while the ALJ's analysis of Plaintiff's symptom testimony in this case could have been more specific, there was no testimony or report from the relevant period that was inconsistent with the restrictive RFC assessed by the ALJ.  *See, e.g., Huston v. Bowen*, 838 F.2d 1125, 1127 (10th Cir. 1988) (claimant's eligibility for DIB turned on the severity of his back problems prior to his date last insured, not at the time of

---

[4] At the hearing, Plaintiff's wife testified on his behalf, as he passed away due to esophageal

his subsequent application); *see also Wall v. Astrue*, 561 F.3d 1048, 1069 (10th Cir. 2009) (quotation and citation omitted) (court should not reverse for error that, "based on a reading of the ALJ's decision as a whole, would lead to unwarranted remands needlessly prolonging administrative proceedings")); *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004) ("When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened.").

**IV.     The ALJ's findings at step four were supported by substantial evidence.**

Plaintiff asserts that the ALJ erred at step four by finding that he could perform his past relevant work as branch manager as generally performed in the national economy (Pl. Br. 23-29). However, the Court finds that the ALJ's finding at step four of the sequential evaluation process was supported by substantial evidence.

"[A] claimant will be found to be 'not disabled' when it is determined that he or she retains the [RFC] to perform: 1. the actual functional demands and job duties of a particular past relevant job; *or* 2. the functional demands and job duties of the occupation as generally required by employers throughout the national economy." Social Security Ruling (SSR) 82-61, 1982 WL 31387, at *1 (emphasis provided); *see also* 20 C.F.R. §§ 404.1520(e), (f), 404.1560(b)(2). A claimant's RFC is the sole consideration in determining whether he can perform his past relevant work, and vocational factors such as age, education, and work experience are not part of that analysis. *See* 20 C.F.R. § 404.1560(b)(3).

Here, the ALJ reasonably assessed Plaintiff's RFC based on all of the evidence of record, as discussed above. The ALJ also solicited testimony from a vocational expert regarding

---

cancer in June 2015, prior to the hearing (Tr. 30-31).

Plaintiff's past work, although he was not required to do so (Tr. 58-64). *See* 20 C.F.R. § 404.1560(b)(2) (ALJ *may* rely on expert testimony to determine whether a claimant can perform his past relevant work) (emphasis provided). The ALJ asked the vocational expert to consider a hypothetical individual with the same background as Plaintiff who would have all of the limitations set forth above (Tr. 67-68). In response, the vocational expert testified that the hypothetical individual could perform Plaintiff's past relevant work as a branch manager (Tr. 69-70). Given the expert's classification of Plaintiff's past work, the ALJ determined that Plaintiff's past work as branch manager did not exceed his RFC (Tr. 20-21). Based thereon, the Court finds that the ALJ did not err at step four of the sequential evaluation process and the ALJ's finding was supported by substantial evidence.[5]

Plaintiff also asserts that he had a "less than sedentary RFC" and therefore he must be found to be disabled pursuant to the Medical-Vocational Guidelines (Grids) (Pl. Br. 23-27). Upon review, these arguments merely rehash Plaintiff's disagreement with the ALJ's evaluation of the medical source opinions and the medical record and his ultimate RFC, already discussed above. Although Plaintiff may like to weigh the evidence differently, that is not its role of this court on a substantial evidence review. *See Lax*, 489 F.3d at 1084 (on substantial evidence review, the court does not re-weigh the evidence or substitute its judgment for that of the Commissioner).

---

[5] Further, as the Commissioner points out, because the ALJ made a valid, alternative step five finding, which Plaintiff does not challenge, any alleged error at step four is harmless (Tr. 21). *See, e.g.*, *Murrell v. Shalala*, 43 F.3d 1388, 1390 (10th Cir. 1994) ("Since the unchallenged step-five finding is, by itself, a sufficient basis for the denial of benefits, plaintiff's success on appeal is foreclosed regardless of the merit of his arguments relating to step four."); *see also Stokes v. Astrue*, 274 Fed. App'x 675, 684 (10th Cir. 2008) (unpublished) (finding any error on whether

Finally, Plaintiff takes issue with the ALJ's comment to the expert that of "320 million people in the United States," 10 percent of them might have the same limitations as the hypothetical individual described by the ALJ (Pl. Br. 27-28; *see* Tr. 68-69). While the Court agrees that the ALJ's comment is confusing, it does not affect the court's analysis. The ALJ's hypothetical to the vocational expert matched the RFC assessed by the ALJ (*compare* Tr. 18 *with* Tr. 66-68), and the expert identified light jobs that such an individual would be able to perform (general clerk and administrative clerk) (Tr. 71). Therefore, the ALJ's decision was supported by substantial evidence of record and must be affirmed. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) (finding no error when the ALJ relied upon a hypothetical question to the vocational expert that included all the limitations the ALJ ultimately included in his RFC assessment).

## CONCLUSION

Because the ALJ's decision is supported by substantial evidence and is free of harmful legal error, it is hereby AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1983).

DATED this 3rd day of March 2017.

_____
Dustin B. Pead
U.S. Magistrate Judge

---

claimant could perform a job was harmless since there were still two jobs claimant could perform).